**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 16-81412-CRJ-11 |
| | ) | |
| MICHAEL G. DOMBROWSKI, | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| MICHAEL G. DOMBROWSKI | ) | |
| | ) | |
| Plaintiff, | ) | Adv. Proc. No.: 17-80079-CRJ |
| | ) | |
| v. | ) | |
| | ) | |
| AMERICAN ESTATE & TRUST, LC, | ) | |
| UNITED STATES OF AMERICA, and | ) | |
| STATE OF ALABAMA DEPARTMENT | ) | |
| OF REVENUE, | ) | |
| | ) | |
| Defendants. | ) | |

**UNITED STATES' MOTION TO DISMISS**

Defendant, the United States of America, by and through undersigned counsel and pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), moves to dismiss Plaintiff Michael G. Dombrowski's adversary complaint.

**I.      PRELIMINARY STATEMENT**

This case concerns Dombrowski's allegation that American Estate & Trust, LC—the purported former custodian of his individual retirement account ("IRA")—improperly sent a Form 1099-R to the Internal Revenue Service, reporting that it made distributions to him from the IRA in 2015. Dombrowski asks the Court to order AET to file an amended 1099-R showing that no distributions occurred in 2015.

More than seven months after filing his complaint against AET, Dombrowski filed an amended complaint to add as defendants the United States and the State of Alabama Department of Revenue. Doc. No. 21, Amended Complaint. Dombrowski does not assert any actual claims against the federal and state taxing authorities but added them as parties because they filed proofs of claims against him for tax year 2015. Dombrowski notes that he also added the United States as a party because he wants to know the IRS' position regarding AET's defense to his claims. *Id.* at ¶ 27.

As detailed more fully below, the amended complaint should be dismissed as to the United States for lack of subject matter jurisdiction. Article III of the Constitution limits the judicial power of the federal courts to actual "cases or controversies." U.S. Const., Art. III, § 2. Here, there is no case or controversy between the United States and Dombrowski. The IRS' claim is an *estimated* claim because Dombrowski has not filed his federal income tax return (Form 1040) for 2015, which was due more than two years ago. Significantly, Dombrowski never filed an objection to the IRS' estimated proof of claim. Nor has Dombrowski requested a determination of his—at present unreported—tax liability pursuant to 11 U.S.C. § 505(a).

The allegations in Dombrowski's amended complaint fail to frame an actual controversy between plaintiff and the IRS, and his desire to know the IRS' position as to AET's defenses to his claim against that defendant is barred by sovereign immunity. The United States is "immune from suit save as it consents to be sued." *See United States v. Sherwood*, 312 U.S. 584, 586 (1941). Dombrowski fails to cite to any statute in which the United States waives its immunity to allow suits against it that essentially seek an advisory opinion.

2

Finally, the complaint should be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure because it fails to state a claim upon which relief may be granted as to the United States.

## II. BACKGROUND

### A. Underlying Bankruptcy Proceeding

Dombrowski filed this voluntary Chapter 11 case on May 11, 2016. The IRS filed a proof of claim on May 27, 2016, for estimated unpaid income tax and interest relating to tax years 2012, 2014, and 2015, noting that Dombrowski had not yet filed his returns for those years. After Dombrowski late-filed his federal income tax returns (Form 1040) for 2012 and 2014 reporting no tax liability, the IRS filed amended proofs of claim removing the estimated claims for those years. To date, Dombrowski has not filed his 2015 federal income tax return. Accordingly, the IRS' most recent proof of claim—which totals $104,039.60—represents an estimated tax liability for 2015 based on information the IRS has received from others. In the absence of a filed return from Dombrowski, the IRS is unable to amend the claim to reflect an actual liability for that year.

In his amended Chapter 11 plan, Dombrowski provides for the payment of the IRS' estimated priority claim but notes that he is working on his federal and state returns for 2015 with the expectation that an examination of those returns by the tax authorities will reveal that he does not owe any federal or state income taxes. The Court confirmed the amended plan on September 5, 2017.

### B. Instant Adversary Proceeding

On August 17, 2017, Dombrowski initiated this adversary proceeding against AET. According to Dombrowski, in 2009, he contracted with AET to serve as custodian for his IRA.

3

Dombrowski transferred approximately $433,000 to AET. AET prepared articles of organization and operating agreements for three Alabama limited liability companies ("the LLCs"). Dombrowski is the organizer, registered agent, and manager of the LLCs and, Dombrowski claims, AET is the member, as custodian for Dombrowski. AET or Dombrowski used the IRA funds to purchase real property titled to the LLCs.

In 2015, AET terminated its contract with Dombrowski because, according to AET, Dombrowski failed to pay contractually required fees. AET alleges that it sent three assignments of interest (one for each LLC) to Dombrowski on July 2, 2015. Dombrowski claims that he never received the assignments of interest and that he was unaware of the termination and transfer of the membership interest for almost two years. According to Dombrowski, in June 2017, he discovered that AET had issued to the IRS one or more Forms 1099-R for tax year 2015, which report that AET distributed assets to Dombrowski in 2015. Of course, this was well-after Dombrowski's 2015 return was due to be filed and does not explain why he did not timely file a return as if no distribution had been made.

Rather than do so, Dombrowski seeks a declaration that AET failed to properly transfer its membership interest in the LLCs back to Dombrowski and that AET improperly reported to the federal and state taxing authorities that it made one or more distributions of IRA property to Dombrowski in 2015. In addition, he seeks an order requiring AET to endorse and turnover the certificates of membership in the LLCs and that AET submit an amended Form 1099-R for 2015 showing that no distribution of IRA property occurred in that year.

On March 30, 2018, Dombrowski amended his adversary complaint to add as parties the United States and the Alabama taxing authority because, according to Dombrowski, "the outcome of this matter will have a determinative effect on their claims in the approved Plan of

4

Case 17-80079-CRJ    Doc 37    Filed 05/07/18    Entered 05/07/18 11:53:49    Desc Main
Document      Page 4 of 11

Reorganization, and to seek a position from IRS regarding whether AET can in good faith claim both to serve as a IRA custodian while also averring that it 'has no rights or duties with respect to the IRA or to any of its assets.'" Doc. No. 21 at ¶ 27 (quoting authority omitted).

### III.   ARGUMENT

#### A.   The Court lacks subject matter jurisdiction over the United States because there is no case or controversy between the United States and Dombrowski.

Dombrowski added the United States as a party to this proceeding but he has not asserted any claims against it. At most, he asks the Court to find that he is not indebted to the IRS for any tax liability "based on AET's improper report of one or more distributions of IRA property to [him] for tax year 2015." Doc. No. 21 at 6. Dombrowski has not filed a tax return that would allow the IRS to examine his treatment of the events that led to the issuance of the disputed Form 1099-R; he has not asked that the Court determine his tax liability for 2015 pursuant to 11 U.S.C. § 505(a); and he has not filed an objection to the IRS' estimated proof of claim. Instead, he added the United States as a party because resolution of his claims against AET may affect the IRS' estimated claim. The potential impact on the IRS' *estimated* claim does not give rise to an actual controversy between Dombrowksi and the United States.

"Article III of the United States Constitution limits the jurisdiction of the federal courts to cases and controversies of sufficient concreteness to evidence a ripeness for review." *Digital Properties, Inc. v. City of Plantation*, 121 F.3d 586, 589 (11th Cir. 1997). *See also Stolt-Nielsen S.A. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 670 n.2 (2010) ("Ripeness reflects constitutional considerations that implicate Article III limitations on judicial power, as well as prudential reasons for refusing to exercise jurisdiction.") (quoting authority omitted). "The ripeness doctrine protects federal courts from engaging in speculation or wasting their resources through the review of potential or abstract disputes." *Id.* The determination of whether a case or

controversy exists depends on "'whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'" *Paragon Mgmt., L.L.C. v. Slaughter*, 437 F. Supp. 2d 1267, 1270 (N.D. Ala. 2006) (quoting *Wendy's Intern. Inc. v. City of Birmingham*, 868 F.2d 433, 436 (11th Cir. 1989)).

Here, Dombrowski has failed to demonstrate the existence of a substantial controversy between him and the United States. He has not filed an objection to the IRS' estimated proof of claim and he has not asked for a determination of his tax liability under § 505(a). He has not even filed his tax return for 2015. Apparently, he has decided to delay filing his return until he obtains a determination from the Court as to whether AET properly issued a Form 1099-R to the IRS in 2015. According to Dombrowski, AET should not have issued the Form 1099-R because it failed to make an effective transfer of its membership interest in the LLCs to him. Whether AET made an effective transfer of its membership interest is a dispute between Dombrowski and AET only.

Once the Court resolves the adversary proceeding or Dombrowski files his long overdue return, the IRS can amend its estimated proof of claim as necessary. Although the IRS' proof of claim may limit what it is entitled to receive under the plan, it will not constitute a final determination as to Dombrowski's 2015 tax liability. The IRS will have at least three years from the date Dombrowski files his return to determine whether to assess additional taxes, interest, and penalties against him. 26 U.S.C. § 6501(a). Any deficiency the IRS determines for tax year 2015 will be excepted from the discharge Dombrowski receives upon completion of his plan because the return for that year was due less than three years before the petition date. *See* 11 U.S.C. 1141(d)(2) ("A discharge under this chapter does not discharge a debtor who is an

individual from any debt excepted from discharge under section 523 of this title."); 523(a)(1)(A) (excepting from discharge debts for a tax of a kind described in section 507(a)(8)); 507(8)(A)(i). All of this remains to be seen, however, and is dependent upon Dombrowski first filing his 2015 return. Until then, there is no ripe controversy between Dombrowski and the United States.

Even if the Court finds that there is an actual case or controversy between Dombrowski and the United States (there is not), prudential considerations warrant dismissal of the United States from this lawsuit. *Digital Properties, Inc.*, 121 F.35 at 589 ("Even when the constitutional minimum has been met, however, prudential considerations may still counsel judicial restraint.") (quoting authority omitted). Dombrowski's attempt at bringing the United States in as a party is premature. The Court should require that, at the very least, he file his long overdue return and once he does so that he file either a timely objection to the IRS' amended proof of claim (to the extent the IRS amends its claim) or some other legally-permissible challenge to any tax the IRS might determine he owes. *See In re Gordon*, 465 B.R. 683, 695 (Bankr. N.D. Ga. 2012) ("The prudential aspect of ripeness allows the court to exercise its discretion to determine if resolution of the issue should be addressed at that time, given all of the circumstances."). For these reasons, the adversary complaint should be dismissed as to the United States pursuant to Fed. R. Civ. P. 12(b)(1).

### B. Sovereign immunity prevents the United States from being a party to this adversary proceeding.

As detailed above, Dombrowski fails to assert a cognizable claim against the United States and instead includes the United States as a party because the IRS filed a proof of claim in his underlying bankruptcy and because he seeks an opinion from the IRS as to the validity of AET's defenses to his claims. The United States, however, has not waived its sovereign immunity to be a party to this adversary proceeding.

7

Case 17-80079-CRJ    Doc 37    Filed 05/07/18    Entered 05/07/18 11:53:49    Desc Main
Document    Page 7 of 11

The principle of sovereign immunity mandates that "[t]he United States, as sovereign, is immune from suit save as it consents to be sued." *Sherwood*, 312 U.S. at 586. "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 475 (1994). The United States has waived its sovereign immunity in certain bankruptcy proceedings in which the debtor asks the court to "determine the amount or legality of any tax, any fine or penalty relating to a tax, or any addition to tax, whether or not previously assessed, whether or not paid, and whether or not contested before and adjudicated by a judicial or administrative tribunal of competent jurisdiction." 11 U.S.C. § 505(a). *See also* 11 U.S.C. § 106(a) (providing that the United States waives its sovereign immunity to actions seeking a § 505 determination). Here, Dombrowski has not asked for a § 505(a) determination of his 2015 income tax liability and, in any event, such a determination would be premature because he has not filed his tax return for that year. Accordingly, the United States has not waived its sovereign immunity under § 505(a).[1]

In addition, although Congress provided for a waiver of the United States' immunity in certain situations when the government files a proof of claim, the waiver is limited to a claim asserted against the government "that is the property of the estate and that arose out of the same transaction or occurrence out of which the claim of such governmental unit arose." 11 U.S.C. § 106(b). In other words, § 106(b) means that "when the government files a proof of claim against the debtor, the debtor may bring a counterclaim against the government if (1) the property that the debtor claims is property of the estate, and (2) the debtor's claim arises out of the same transaction or occurrence as the government's claim." *In re Harchar*, 694 F.3d 639,

---

[1] None of the other statutory provisions included in § 106(a) is implicated by the allegations in Dombrowski's amended complaint.

8

649 (6th Cir. 2012) (holding that the debtor's due process claim regarding her post-petition tax refund did not arise out of the same transaction or occurrence as the IRS's proof of claim).  In this case, Dombrowski has not actually asserted a claim against the United States, let alone a claim arising out of the same transaction or occurrence as the IRS's estimated proof of claim.  Accordingly, the United States did not waive its sovereign immunity under § 106(b).

Finally, sovereign immunity prevents Dombrowski from seeking an opinion from the United States as to "whether AET can in good faith claim both to serve as a IRA custodian while also averring that it has no rights or duties with respect to the IRA or any of its assets."  Doc. No. 21 at ¶ 27.  Dombrowski fails to cite to any statute in which Congress has waived the United States' sovereign immunity such that the federal government may be sued to provide in essence an advisory opinion in a dispute between two private parties.  For all these reasons, the adversary complaint should be dismissed as to the United States based on sovereign immunity.

### C. Dombrowski has failed to state a claim against the United States.

As detailed above, Dombrowski's complaint asserts claims against AET only.  Because the adversary complaint fails to assert a cause of action against the United States or allege any facts that would allow the Court to draw a reasonable inference that the United States is liable to Dombrowski for any wrongdoing the complaint should also be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (providing that to survive a motion to dismiss under Rule 12(b)(6), a complaint must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"). *See also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).

WHEREFORE, the United States requests that the Court dismiss the adversary complaint as to the United States pursuant to Fed. R. Civ. P. 12(b)(1) or 12(b)(6).

9

Dated:  May 7, 2018                                    Respectfully submitted,

                                                       RICHARD E. ZUCKERMAN
                                                       Principal Deputy Assistant Attorney General

                                                       */s/ Mary Elizabeth Smith*
                                                       MARY ELIZABETH SMITH
                                                       Trial Attorney, Tax Division
                                                       U.S. Department of Justice
                                                       P.O. Box 14198
                                                       Washington, D.C.  20044
                                                       202-353-1988 (v)
                                                       202-514-4963 (f)
                                                       Mary.E.Smith@usdoj.gov

                                                       OF COUNSEL:

                                                       JAY E. TOWN
                                                       United States Attorney

                                                       RICHARD E. O'NEAL
                                                       Assistant United States Attorney
                                                       Northern District of Alabama

10

Case 17-80079-CRJ    Doc 37    Filed 05/07/18    Entered 05/07/18 11:53:49    Desc Main
Document    Page 10 of 11

# CERTIFICATE OF SERVICE

I hereby certify that on May 7, 2018, the foregoing document was filed and served via the Court's CM/ECF filing system on the following:

    Tazewell T. Shepard, III
    SPARKMAN, SHEPARD & MORRIS, P.C.
    P.O. Box 19045
    Huntsville, Alabama 35804
    taze@ssmattorneys.com

    *Counsel for Plaintiff*
    *Michael G. Dombrowski*

    Angela S. Ary
    HEARD, ARY & DAURO, LLC
    303 Williams Avenue, Suite 921
    Huntsville, Alabama 35801
    aary@heardlaw.com

    *Counsel for Defendant*
    *American Estate & Trust, LC*

    Mary Martin Majors Mitchell
    Assistant Attorney General, State of Alabama
    Alabama Department of Revenue
    Legal Division
    P.O. Box 320001
    Montgomery, Alabama 36132
    mary.mitchell@revenue.alabama.gov

    *Counsel for Defendant*
    *State of Alabama Department of Revenue*

    */s/ Mary Elizabeth Smith*
    MARY ELIZABETH SMITH
    Trial Attorney, Tax Division